MEMORANDUM **
Bassam Dahmah, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen removal proceed *207 ings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.
The BIA did not abuse its discretion in denying Dahmah’s motion to reopen based on changed circumstances or to apply for adjustment of status because the motion was filed over two years after the BIA’s final order, see 8 C.F.R. § 1003.2(c)(2), and Dahmah failed to present sufficient evidence of changed circumstances in Syria to qualify for the regulatory exception to the time limit, see 8 C.F.R. § 1003.2(c)(3)(ii); see also Malty v. Ashcroft, 381 F.3d 942, 945 (9th Cir.2004) (requiring circumstances to “have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution.”).
We reject Dahmah’s contentions that the BIA failed to consider evidence of changed circumstances in Syria or provide an adequate explanation for its determination because the BIA provided a reasoned explanation for why Dahmah did not establish changed circumstances, and considered the important aspects of Dahmah’s claim in its decision. See Fernandez v. Gonzales, 439 F.3d 592, 603-04 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.